# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

LARRY J. STEELE,  :
AIS 149935,
                  :
    Petitioner,
                  :
vs.                              CA 11-0044-KD-C
                  :
TONY PATTERSON,
                  :
    Respondent.

## ORDER

Petitioner, Larry Steele, has filed a complaint seeking relief from his state-court capital murder conviction pursuant to 28 U.S.C. § 2254. On June 3, 2011, a response was filed, pursuant to 28 U.S.C. foll. § 2254, Rule 5. Therein, respondent alleges that all of the claims raised in the complaint for habeas corpus review are barred from review in this Court by the doctrine of procedural default. This order is purposely designed: (1) to not only give petitioner an opportunity to respond to the procedural default defenses, but also to set a reasonable schedule for receiving his response; (2) to identify those specific claims to which the defense applies; (3) to give the petitioner a brief explanation of the controlling legal standards; (4) to require responses to specific interrogatories drafted by the Court in an attempt to obtain the reasons for the defaults and the specific prejudice suffered as a result of the specific constitutional errors subject to default; and (5) to warn the petitioner that his failure to comply with the order could

constitute a waiver of the opportunity to demonstrate that either of the exceptions to the procedural default doctrine are applicable.

    A.    **Claims Subject to Procedural Default.**

The claims raised in the Rule 32 petition filed by Steele in the Circuit Court of Choctaw County, Alabama in July of 2009 (*see* Doc. 11, Case Action Summary Sheet), are identical to those raised in the instant petition (*compare* Doc. 11, Petition for Relief from Conviction or Sentence *with* Doc. 1). As set forth in the instant habeas corpus petition, the claims are as follows: (1) the trial court erred in denying the motion to suppress statements made to law enforcement officials; (2) petitioner was deprived of his right to effective assistance of trial counsel because his trial attorney failed to assure that he received a competency hearing; (3) petitioner was deprived of his right to effective assistance of appellate counsel because his appellate attorney failed to challenge trial counsel's deficiency in not insisting on a competency hearing nor did he request a new trial on the basis that no determination had been made by the trial court regarding his competency at the time of the offense or to stand trial; (4) the trial court was without jurisdiction to render judgment or impose sentence due to its failure to conduct a competency hearing; (5) petitioner was deprived of his Sixth Amendment constitutional right to a speedy trial; (6) the evidence offered at trial was insufficient to establish each element of capital murder beyond a reasonable doubt; (7) the court erred in refusing to give lesser-included-offense instructions; and (8) Alabama's capital murder guilty plea statute, Ala.Code § 13A-5-42, is unconstitutionally void. (Doc. 1, at 14-27; *compare id. with* Doc. 11, Rule 32 Petition, at 16-32.)

It is argued by the respondent that Steele has procedurally defaulted all of his claims asserted in the instant petition, save his ineffective assistance of trial and appellate counsel claims, under Ala.R.Crim.P. 32.2, apparently due to his failure to raise these issues at trial or on direct appeal. (*Compare* Doc. 11, at 6-7 *with* Doc. 11, October 22, 2010 MEMORANDUM, at 2.) Moreover, it is argued that petitioner has procedurally defaulted all ineffective assistance of counsel claims by failing to meet his burden of pleading requirements under Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure. (*Compare* Doc. 11, at 12-13 *with* Doc. 11, October 22, 2010 MEMORANDUM, at 2.)

It is clear that the Alabama Court of Criminal Appeals applied the foregoing procedural bars as outlined by the respondent and, therefore, it is appropriate to explain the procedural default doctrine to petitioner.

B.      **Explanation of Procedural Default Doctrine**.

State prisoners seeking federal habeas corpus relief who fail to raise their federal constitutional claims in state court, or who attempt to raise them in a manner not permitted by state procedural rules, are barred from pursuing those same claims in federal court absent a showing of cause for and actual prejudice from their failure to properly raise their claims or a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 729-31, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.), *cert denied, sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). Accordingly, if respondent's assessment that

the above-enumerated claims have been defaulted is found to be correct, they will not be considered by this Court unless petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565; *Sims v. Singletary*, 155 F.3d 1297, 1311 (11th Cir. 1998), *cert. denied sub nom. Sims v. Moore*, 527 U.S. 1025, 119 S.Ct. 2373, 144 L.Ed.2d 777 (1999).

"[T]he cause standard requires the petitioner to show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim in state court." *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). "Once the petitioner has established cause, he must show 'actual prejudice' resulting from the errors of which he complains." *Id*. at 494, 111 S.Ct. at 1470 (*quoting United States v. Frady*, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982)). Finally, in those "extraordinary instances" where a petitioner is able to implicate "a fundamental miscarriage of justice", i.e., that a "constitutional violation probably has caused the conviction of one innocent of the crime[,]" this Court may issue a writ of habeas corpus regardless of any procedural default. *Id*.

### C. <u>Interrogatories to Petitioner.</u>

Prior to ruling on the procedural default issues raised by the respondent, it is **ORDERED** that the petitioner answer the following interrogatories:

1.  Do you agree with respondent's position that one or more procedural defaults have occurred?

2.  If you do not agree that a default has occurred, give each and every reason for your disagreement.

3.  Assuming that respondent is correct that a procedural default has occurred, for each listed default, give each and every reason that caused (situation, event, or agent that produced result) the default.

4.  Assuming that respondent is correct that a procedural default has occurred, for each listed default state specifically the actual prejudice (specific harm or injury to the outcome of your case) that you suffered as a result of the constitutional violation(s). If more than one procedural default is alleged to have occurred, also state the actual prejudice you suffered as a result of the combined defaults.

5.  If you argue that you are actually innocent of the crime(s) upon which your custody is based, state your reasons.

**D.     Due Date for Response.**

The petitioner shall file his response to this order on or before **July 15, 2011**. Should petitioner fail to timely file a response, such failure shall be deemed a waiver of petitioner's opportunity to demonstrate that the merits of his procedurally defaulted claims may be considered due to the existence of either the cause and prejudice or

fundamental miscarriage of justice exceptions to the procedural default doctrine.

**DONE** and **ORDERED** this the 15th day of June, 2011.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**