# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

LARRY J. STEELE,                                 :
AIS 149935,

                                                 :
        Petitioner,

                                                 :
vs.                                                      CA 11-0044-KD-C

                                                 :

TONY PATTERSON,                                  :

        Respondent.


## REPORT AND RECOMMENDATION

Larry J. Steele, a state prisoner presently in the custody of the respondent, has

petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner is challenging the validity of his May 21, 2008 capital murder conviction in

the Circuit Court of Choctaw County, Alabama; he was sentenced to life imprisonment

without the possibility of parole. The Alabama Court of Criminal Appeals affirmed

Steele's conviction and sentence by unpublished memorandum opinion on June 19,

2009, *Steele v. State*, 51 So.3d 405 (Ala. Crim. App. 2009) (table). Steele's application for

rehearing was denied by the Alabama Court of Criminal Appeals on July 10, 2009, *Steele*

*v. State*, 57 So.3d 201 (Ala.Crim.App. 2009) (table) and that court entered a certificate of

1

final judgment of affirmance on July 29, 2009 (Doc. 11, Exhibit 8). Petitioner filed a Rule 32 petition in the Circuit Court of Choctaw County, Alabama collaterally attacking his conviction and sentence on July 31, 2009 (Doc. 11, Exhibit 10, Case Action Summary Sheet). On June 4, 2010, the trial court entered an order denying the petition (*see* Doc. 11, Exhibit 10, ORDER) and on October 22, 2010, the Alabama Court of Criminal Appeals affirmed the trial court's decision (Doc. 11, Exhibit 12). Petitioner's application for rehearing was overruled on November 12, 2010 (Doc. 11, Exhibit 14) and his petition for writ of certiorari to the Alabama Supreme Court was denied on January 7, 2011 (Doc. 11, Exhibit 16). A certificate of final judgment of affirmance was entered that same date, January 7, 2011 (*see id.* at Exhibit 17).

In his petition before this Court, filed January 25, 2011 (*see* Doc. 1, at 13), Steele raises the following grounds which he claims entitle him to relief:

(1) the trial court erred in denying his motion to suppress the statement made to law enforcement officials;

(2) trial counsel provided ineffective assistance in failing to insist on a competency hearing prior to his change of plea and appellate counsel provided ineffective assistance in failing to raise this issue (that is, trial counsel's deficiency in this regard) on appeal and in failing to make a Rule 24 motion for new trial on the basis that the trial court did not determine his competency at the time of the offense or to stand trial;

(3) the trial court was without jurisdiction to render judgment or impose sentence due to its failure to conduct a competency hearing;

(4) he was denied his Sixth Amendment right to a speedy trial;

(5) even though he entered a guilty plea to capital murder the state still had to offer proof of his guilt beyond a reasonable doubt and, here, the state failed to prove each element of the offense beyond a reasonable doubt;[1]

(6) the trial court erred in refusing to give the lesser-included charge of murder; and

(7) Alabama's capital murder statute, Ala. Code § 13A-5-42, is unconstitutionally void.[2]

While the respondent has effectively admitted that petitioner has exhausted his state court remedies, he also contends that this Court is procedurally barred from reaching the merits of all of petitioner's constitutional claims. (*See* Doc. 11.) This case is ripe for a decision by this Court.

This cause is before the Court on the petition, respondent's answer with attachments, and petitioner's response to the undersigned's procedural default order. A

---

[1] Petitioner more specifically contends that the evidence failed to reveal an intentional murder and, in addition, no evidence was presented that the victim had any money taken from him.

[2] As petitioner has admitted, all of the claims he raises in the instant federal petition are identical to the claims he raised in his Rule 32 collateral petition. (*See* Doc. 15, at 3.)

careful review of the record has been completed and it is determined that it contains sufficient facts upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required.

## BACKGROUND

On May 21, 2008, Steele entered a counseled guilty plea to one count of capital murder in the Circuit Court of Choctaw County, Alabama. (*See* Doc. 1, at 2.) In accordance with § 13A-5-42 of the Alabama Code, petitioner's case was tried before a jury and the jury found Steele guilty of capital murder. (*See* Doc. 11, Exhibit 5, at 1.) Pursuant to a negotiated plea agreement, petitioner was sentenced to life imprisonment without the possibility of parole. (*Id.* at 1-2.) Steele's conviction and sentence were affirmed on appeal by memorandum decision entered on June 19, 2009. *See Steele v. State*, 51 So.3d 405 (Ala.Crim.App. 2009) (table).

> Steele does not challenge the sufficiency of the evidence on appeal. Therefore, a detailed recitation of the facts is not necessary. Further, the record indicates that Steele did not file a motion for a judgment of acquittal, motion to withdraw his guilty plea, or a motion for a new trial challenging the sufficiency of the evidence. Thus, the issue of sufficiency of the evidence was not preserved for review on appeal.
>
> Steele's sole contention on appeal is that the court reporter failed to accurately and completely transcribe the responses of members of the venire during jury selection. Specifically, Steele asserts that the vast majority of responses that the court reporter transcribed in the record were indicated with "no response." Steele maintains that "it is not credible to believe that the venire members would have remained silent on the majority of questions posed to them" and that the lack of recorded responses leaves him unable to sufficiently review the venire's responses

during voir dire.

At the outset, we note that the State contends that this issue was not preserved for review on appeal. We agree with the State to the extent that counsel for Steele could have questioned the lack of response from the jury venire during voir dire. Steele acknowledges as much when he states in his brief on appeal "[c]learly, if the record accurately reflects that there were no responses to these questions, counsel for the State or defense would have recognized it and asked why the venire members were not responding." However, from a practical standpoint, we fail to see how Steele's trial counsel could have objected based on the inadequacy of the transcript before the transcript had been prepared for appeal.

The record establishes that the venire remained silent when asked numerous questions [] by the State and counsel for Steele during voir dire. Indeed, the court reporter's transcript indicates "no response" following a majority of the questions asked during voir dire. In one excerpt from the transcript given as an example by Steele in his brief, the record suggests there is a response from a potential juror missing from the transcript:

> [PROSECUTOR]: Do you understand the only thing you can consider in this case is legal, believable evidence. There is nothing else you can consider in this case. And let me go back to the presumption of innocence just a minute. As we stand here today there is no[t] one thread of evidence against Larry Steele, do you understand that?
>
> (No response)
>
> [PROSECUTOR]: So, with no evidence, of course, quite frankly, he is innocent. Do you understand that? At this point in time he is innocent. Do you understand that Mr. Tyson?
>
> MR. TYSON: Yes, sir.

While the excerpt from voir dire quoted above does indicate a missing response in the transcript, this one instance in the record is insufficient to warrant the reversal of this case. Steele bases his argument

on appeal on a belief that venire members could not possibly have had so few responses to the questions posed during voir dire. Steele proposes on appeal that the only reasonable explanation is that the court reporter did not accurately reflect the true responses of the venire members. This Court cannot predicate error on mere speculation and conjecture. Based on the record before us, we cannot say that the responses during the voir dire proceedings warrant the reversal of this case.

Based on the foregoing, the circuit court's judgment is affirmed.

(Doc. 11, Exhibit 5, at 2-5 (internal citations and most internal quotation marks omitted).) Petitioner's application for rehearing (Doc. 11, Exhibit 6) was denied on July 10, 2009. *Steele v. State*, 57 So.3d 201 (Ala.Crim.App. 2009) (table). Because Steele did not petition the Alabama Supreme Court for certiorari, the certificate of final judgment of affirmance was issued by the Alabama Court of Criminal Appeals on July 29, 2009. (*See* Doc. 11, Exhibit 8.)

On July 31, 2009, Steele filed a Rule 32 petition in the Circuit Court of Choctaw County, Alabama, collaterally attacking his conviction and sentence. (Doc. 11, Exhibit 10, Case Action Summary Sheet.) Petitioner's Rule 32 petition was denied by the trial court on June 4, 2010. (*See id.*, ORDER )

The Court, having reviewed the record, the pleadings, and the exhibits, is of the opinion that the Rule 32 Petition of LARRY STEEL[E] for post-conviction relief is due to be denied based on the following grounds:

.       .       .

[X]     Is denied because the allegations are not sufficiently specific. Petitioner offers no specific facts or evidence which support these allegations. Al.Crim.P. 32.6.

6

[X]   Respondent denies Petitioner's claim that he was denied effective assistance of counsel. On review of post-conviction relief, counsel is presumed to be adequate. *Ziegler v. State*, 433 So.2d 1303, 1306 (Ala.Cr.App. 1983). The Alabama Court of Criminal Appeals has concluded that "effective representation does not entitle the Petitioner to [an] error-free trial, and [a] showing that counsel made a mistake unfavorable to defendant is not sufficient to establish inadequate representation." *Saffold v. State*, 570 So.2d 727, 731 (Ala.Cr.App. 1990). The Alabama Supreme Court has delineated a two-prong test based on *Strickland v. Washington*, 446 U.S. 668 (1984), to determine whether counsel was ineffective. *See Ex parte Lawley*, 512 So.2d 1370 (Ala. 1987). First, the defendant must prove his counsel was deficient; and second, the defendant must prove that his counsel's performance prejudiced the defendant such that the outcome of the case would have probably been different but for his counsel's ineffective performance. *Lawley*, 512 So.2d 1370, 1372. In the instant case, the Petitioner has failed to prove either 1) that his counsel was not performing in conformity with the Sixth Amendment right to counsel, or 2) that but for his counsel's performance the outcome would have been different. Respondent avers that the burden initially is on the Petitioner to rebut the presumption that his counsel's actions were proper strategy under the circumstances. *See Ex parte Womack*, 541 So.2d 47, 66 (Ala. 1988), *remanded Womack v. State*, 541 So.2d 74. Therefore, "to establish ineffective assistance of counsel, the accused must show that the attorney's performance was so deficient as to fall below the objective standard of reasonableness and, further, that this deficiency actually prejudiced him a fair trial." *Stringfellow v. State*, 485 So.2d 1238 (Ala.Cr.App. 1986). Petitioner clearly has not fulfilled his burden. Petitioner claimed ineffective assistance of counsel but failed to provide any basis in law or fact why his claim should be upheld.

The Record indicates that the court made an open court assessment in regards to the Petitioner understanding his rights as to plead not guilty and not guilty by reason of mental disease or defect. The Petitioner was also, accordingly, professionally assessed prior to trial and nothing from the mental evaluation report gives this court reservation that the Petitioner did not fully appreciate the wrong of his conduct nor is there anything that the Petitioner has shown this court in regards that the Petitioner in any [way] was unable to assist trial counsel in preparing

and/or assisting in trial.

Due to the preceding facts and evidence presented the Petitioner should
be denied relief.

Now therefore it is ordered that the petition of LARRY STEEL[E] for post-
conviction relief under Rule 32, Alabama Rules of Criminal Procedure[,] is
hereby denied.

(*Id.*) The Alabama Court of Criminal Appeals affirmed the judgment of the circuit court

on October 22, 2010 in an unpublished memorandum opinion. (Doc. 11, Exhibit 12.)

The appellant argues that he is entitled to post-conviction relief
because:

1)  his trial and appellate counsel allegedly rendered ineffective
assistance;

2)  the trial court allegedly did not conduct a competency hearing;

3)   the trial court allegedly erred in denying his suppression
motion;

4)  he was allegedly denied his right to a speedy trial;

5)  the State allegedly did not present sufficient evidence to support
his conviction;

6)  the trial court allegedly erred when it refused to instruct the jury
on the lesser included offense of murder; and

7)  § 13A-5-42, Ala. Code 1975, is allegedly unconstitutional.

With regard to Claim 1, to prevail on an ineffective-assistance-of-
counsel claim, the appellant must show that his counsel's performance
was deficient and that counsel's deficient performance prejudiced him.
See Brown v. State, 663 So.2d 1028 (Ala.Crim.App. 1995) (citing Strickland
v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). He

made bare allegations as to counsel's performance, but he did not support those allegations. Therefore, he did not satisfy his burden of pleading pursuant to Rules 32.3 and 32.6(b), Ala.R.Crim.P., and <u>Strickland</u> with regard to Claim 1. Claims 2, 3, 4, 5, 6, and 7 are precluded pursuant to the provisions of Rule 32.2(a), Ala.R.Crim.P.

Because the appellant's claims were precluded or because he did not sufficiently plead them, the circuit court properly summarily denied his petition. <u>See</u> Rule 32.7(d), Ala.R.Crim.P. Also, a circuit court need not make specific findings of fact when it summarily denies a petition. <u>See</u> <u>Fincher v. State</u>, 724 So.2d 87 (Ala.Crim.App. 1998). Accordingly, we affirm the circuit court's judgment.

(*Id*. at 2-3.) Steele's application for rehearing (Doc. 11, Exhibit 13) was overruled on November 12, 2010 (Doc. 11, Exhibit 14) and his petition for writ of certiorari to the Alabama Supreme Court (Doc. 11, Exhibit 15) was denied, without written opinion, on January 7, 2011 (Doc. 11, Exhibit 16). The certificate of final judgment of affirmance issued that same date, January 7, 2011 (*compare id. with* Doc. 11, Exhibit 17).

On January 25, 2011, Steele filed the instant habeas corpus action in this Court collaterally attacking his conviction and sentence (*see* Doc. 1, at 13). In his answer, the respondent asserted a procedural default defense, claiming this Court is barred from reaching the merits of all claims raised by petitioner. (*See* Doc. 11.) Therefore, the undersigned entered an order on June 15, 2011 requiring Steele to respond to the respondent's procedural default defense. (Doc. 12.) Steele filed his response on July 27, 2011. (Doc. 15.) Initially, Steele takes the position in his response that no procedural default occurred because he raised all of his claims in a timely Rule 32 petition,

asserting that his conviction contravenes the United States Constitution, and that he appealed all claims to Alabama's highest court. (*See id.* at 4.) Petitioner adds that assuming a procedural default has occurred, the decision of the Alabama Court of Criminal Appeals did not place him "on notice how his claims are barred." (*Id.* at 5.)

Steele argues, with respect to claim 1, this court should not honor the procedural default alleged, because a review of the record before this court, specifically[] exhibits 10-11, reveals that Steele['s] claim of ineffective assistance of counsel was supported with facts and was plead with sufficiency to satisfy the minimum pleading requirement under Alabama law. See <u>Partain vs. State</u>, 47 So.3d 282 (Ala.Crim.App. 2008); <u>Johnson vs. State</u>, 988 So.2d 1069 (Ala.Crim.App. 2007) (Petitioner does not have burden of proving his claims by a preponderance of the evidence, rather at the pleading stage, a petitioner must provide only a clear and specific statement of the grounds upon which relief is sought).

With respect to claims 2-7 the respondent merely state[s] that the claims are barred pursuant to Rule 32.2(a) Ala.R.Crim.P. (See Respondent's answer pg. 7)

Steele argues that Rule 32.2(a)[,] Ala.R.Crim.P.[] contains five (5) provisions that preclude[] a petitioner from relief. The state's failure to specify the provision deprived Steele of the notice required by Rule 32.3[,] Ala.R.Crim.P.[] and constitute[s] a waiver of the state pleading a ground of preclusion. Rule 32.3 state[]s[:] "The state shall have the burden of pleading an[y] ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence."

Therefore, this court should not honor a procedural default with respect to claim[s] 2-7, where the state obviously failed to assert one. Accord <u>Ex parte James</u>, 2009 WL 3711573 (Ala. 2009); <u>Day v. McDonough</u>, 547 U.S. 198 (2006) (holding that procedural default like other affirmative defenses can be waived if it is not properly asserted.)[3]

---

[3]    The foregoing constitutes petitioner's argument regarding cause for each

.    .    .

Petitioner argues that assuming, arguendo, this Court finds merits to Respondent's assertion, Steele asserts that his circumstances is extraordinary and exempt from the procedural default rule based on Steele's Substantive and Procedural incompetent claims. See <u>Sena v. New Mexico State Prison</u>, 109 F.3d 652 (10th Cir. 1997); <u>Hunter v. Ferrell</u>, 587 F.3d 1304 (11th Cir. 2009); <u>Zapata v. Estelle</u>, 588 F.2d 1017 (5th Cir. 1979).

Moreover, Steele contends that the Constitutional Nature and dimension of his claims demonstrates that the failure to entertain his petition would result in a fundamental miscarriage of justice in this case.[4]

.    .    .

Petitioner adopts his response to Interrogatories number 3 & 4, supra[], and argues based on the Constitutional Nature of his claims, but for the Constitutional errors, no reasonable jury would have found Steele guilty of the crime[] upon which his custody is based. See <u>Schlup v. Delo</u>, 513 U.S. 298 (1995).

(*Id.* at 5-6, 6-7 & 7 (footnotes added).)

## CONCLUSIONS OF LAW

**A.     Procedural Default Doctrine.**

In *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), the

Supreme Court stated that it would "not review a question of federal law decided by a

state court if the decision of that court rests on a state law ground that is independent of

_____

procedural default. (*See* Doc. 15, at 4-6.)

[4]     These two paragraphs constitute petitioner's prejudice argument and a portion of his actual innocence argument. (*See* Doc. 15, at 6-7.)

11

the federal question and adequate to support the judgment." *Id*. at 729, 111 S.Ct. at 2553-2554. This rule applies whether the state law ground is procedural or substantive. *Id*. at 729, 111 S.Ct. at 2554. The doctrine applies to bar federal habeas review when a state court declines to address a petitioner's federal claims because the petitioner fails to meet a state procedural requirement. *Id*. at 729-730, 111 S.Ct. at 2554; *see also Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) (federal courts must honor legitimate state trial and appellate procedural rules when enforced by state courts and must decline to review on the merits claims that the state treats as barred absent a showing of cause for non-compliance with such rules and resulting prejudice); *Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir.) ("Pursuant to the doctrine of procedural default, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."), *cert. denied sub nom. Alderman v. Thomas*, 513 U.S. 1061, 115 S.Ct. 673, 130 L.Ed.2d 606 (1994). A violation of a state procedural rule is adequate to foreclose federal review if the rule is "'firmly established and regularly followed.'" *Lee v. Kemna*, 534 U.S. 362, 376, 122 S.Ct. 877, 885, 151 L.Ed.2d 820 (2002). "In these cases, the state judgment rests on independent and adequate state procedural grounds." *Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554 (citations omitted).

The application of the independent and adequate state ground doctrine in the habeas context is grounded in concerns of federalism and comity. *Id*.

> Without the rule, a federal district court would be able to do in habeas what this Court could not do on direct review; habeas would offer state prisoners whose custody was supported by independent and adequate state grounds an end run around the limits of this Court's jurisdiction and a means to undermine the State's interest in enforcing its laws.

*Id*. at 730-731, 111 S.Ct. at 2554.

An additional consideration comes to the fore when the independent and adequate state ground supporting a petitioner's custody is a state procedural default. *Id*. at 731, 111 S.Ct. at 2554. The Supreme Court has long held

> that a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims. This exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the opportunity to address and correct alleged violations of state prisoners' federal rights.
>
> .    .    .
>
> [A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirement for exhaustion; there are no state remedies any longer "available" to him. In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id*. at 731, 732, 111 S.Ct. at 2554-2555, 2555 (internal citations omitted).

In the habeas context, federal courts are to "presume that there is no independent and adequate state ground for a state court decision when the decision 'fairly appears to rest primarily on federal law, or to be interwoven with the federal law, and when the adequacy and independence of any possible state law ground is not clear from the face of the opinion.'" *Id*. at 735, 111 S.Ct. at 2557 (quoting *Michigan v. Long*, 463 U.S. 1032, 1040-1041, 103 S.Ct. 3469, 3476-3477, 77 L.Ed.2d 1201 (1983)); *see Harris v. Reed*, 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989) ("[A] procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."). In all other cases, the presumption is not applicable. *See Coleman*, 501 U.S. at 739, 111 S.Ct. at 2559. In *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the Supreme Court held that the *Harris v. Reed* presumption is inapplicable to a claim that is never presented to the state courts. *Id*. at 299, 109 S.Ct. at 1069 ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). Moreover, the presumption "looks through" unexplained orders to the last reasoned decision. *Ylst  v. Nunnemaker*, 501 U.S. 797, 804, 111 S.Ct. 2590, 2595, 115 L.Ed.2d 706 (1991).

> Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground. If an earlier opinion "fairly

> appear[s] to rest primarily upon federal law," *Coleman*, 501 U.S., at 740,
> 111 S.Ct., at 2559, we will presume that no procedural default has been
> invoked by a subsequent unexplained order that leaves the judgment or
> its consequences in place. Similarly where . . . the last reasoned opinion
> on the claim explicitly imposes a procedural default, we will presume that
> a later decision rejecting the claim did not silently disregard that bar and
> consider the merits.

501 U.S. at 803, 111 S.Ct. at 2594. Also, the presumption "may not be applied in cases in

which the state court opinion did not, at a minimum, discuss the federal grounds at

issue." *Tower v. Phillips*, 7 F.3d 206, 211 (11th Cir. 1993) ("*Coleman* and *Ylst* lead us to

conclude that we may not assume that had the state court issued an opinion, it would

have ignored its own procedural rules and reached the merits of this case. In fact, the

most reasonable assumption is that had the state court ruled, it would have enforced

the procedural bar."). Finally, "where a state court has ruled in the alternative,

addressing both the independent state procedural ground and the merits of the federal

claim, the federal court should apply the state procedural bar and decline to reach the

merits of the claim." *Alderman v. Zant, supra*, 22 F.3d at 1549.

When a petitioner has procedurally defaulted a claim, a federal court is barred

from reaching the merits of that claim unless the petitioner "can demonstrate cause for

the default and actual prejudice as a result of the alleged violation of federal law, or

demonstrate that failure to consider the claim[] will result in a fundamental miscarriage

of justice." *Coleman, supra*, 501 U.S. at 750, 111 S.Ct. at 2565. The cause and prejudice

standard applies "uniformly to all independent and adequate state procedural

defaults." *Id*. at 750-751, 111 S.Ct. at 2565.

> In procedural default cases, the cause standard requires the petitioner to show that "some objective factor external to the defense impeded counsel's efforts" to raise the claim in state court. Objective factors that constitute cause include "'interference by officials'" that makes compliance with the state's procedural rule impracticable, and "a showing that the factual or legal basis for a claim was not reasonably available to counsel." In addition, constitutionally "[i]neffective assistance of counsel . . . is cause." Attorney error short of ineffective assistance of counsel, however, does not constitute cause and will not excuse a procedural default. Once the petitioner has established cause, he must show "'actual prejudice' resulting from the errors of which he complains."

> Federal courts retain the authority to issue the writ of habeas corpus in a further, narrow class of cases despite a petitioner's failure to show cause for a procedural default. These are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime. We have described this class of cases as implicating a fundamental miscarriage of justice.

*McCleskey v. Zant*, 499 U.S. 467, 493-494, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991)

(internal citations omitted).

## B. <u>Application of the Procedural Default Doctrine.</u>

In his answer, respondent asserts that this Court is procedurally barred from reaching the merits of all of petitioner's claims, save his ineffective assistance of trial and appellate counsel claims, pursuant to 32.2(a) of the Alabama Rules of Criminal Procedure, based upon the decision of the Alabama Court of Criminal Appeals. (Doc. 11, at 6-10.) In addition, respondent contends that petitioner has procedurally defaulted all ineffective assistance of trial appellate counsel claims because he did not meet his

burden of pleading requirements under Rules 32.3 and 32.6(b) of the Alabama Rules of Criminal Procedure. (*See id.* at 10-14.)

Although petitioner argues quite vociferously that this Court ought to reject the respondent's procedural default argument with respect to the majority of his claims (i.e., all claims save his claims of ineffective assistance of trial and appellate counsel) on the basis that the State of Alabama waived this defense by failing to identify the specific ground of preclusion it was relying upon under Rule 32.2(a) of the Alabama Rules of Criminal Procedure (*see* Doc. 15, at 6 ("Rule 32.2(a) [] contains five (5) provisions that preclude[] a petitioner from relief. The state's failure to specify the provision deprived Steele of the notice required by Rule 32.3 [] and constitute[s] a waiver of the state pleading a ground of preclusion. Rule 32.3 state[]s[:] 'The state shall have the burden of pleading an[y] ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.'"), the undersigned cannot agree with petitioner's argument in this regard because the record in this case clearly reflects that the State of Alabama, in initially responding to Steele's Rule 32 petition in the Circuit Court of Choctaw County, Alabama, asserted that the petition was due to be denied because these allegations either were raised at trial or on appeal or could have been but were not raised at trial or on appeal (*see* Doc. 11, Exhibit 10, May 24, 2010 RESPONSE; *compare id. with* Ala.R.Crim.P. 32.2(a)(2)-(5)). Therefore, petitioner had notice of the grounds of

preclusion relied upon by the State of Alabama at an early stage and this Court simply cannot find waiver under these circumstances.

In this case, the undersigned finds that petitioner did not substantially comply with Rule 32.2(a) either because the above-identified claims were raised and addressed at trial or on appeal or these claims were not raised at trial or on direct appeal even though they certainly could have been; the Alabama Court of Criminal Appeals clearly and expressly stated that its judgment rested on petitioner's failure to comply with Rule 32.2(a); and, finally, Rule 32.2(a) is firmly established and regularly followed when applied by the state courts of Alabama, *compare Borden v. Allen,* 2011 WL 2685730, *10 (11th Cir. July 12, 2011) ("The State's other motion sought dismissal of some of Borden's claims—claims not at issue here—under Rule 32.2(a) of the Alabama Rules of Criminal Procedure, which precludes collateral relief for a petitioner who fails to comply with state procedural rules.") *with McGahee v. Campbell,* 2007 WL 3025192, *13 & 14 (S.D. Ala. Feb. 14, 2007) ("Petitioner then raised these claims in his Rule 32 petition, and the trial court held that the claims were barred from review under Rule 32.2(a) of the *Alabama Rules of Criminal Procedure*[.] . . . The Alabama Court of Criminal Appeals affirmed the decision of the Rule 32 court with respect to all of these claims . . . and the Alabama Supreme Court denied petitioner's petition for writ of certiorari, without opinion. [] Based on the Court's review of these state court rules and the record of petitioner's trial, appeals of his conviction and sentence, and Rule 32 proceedings, the Court is satisfied

that the state procedural law was firmly established and regularly followed, and the procedural bar was fairly and non-arbitrarily applied.").

Regarding his ineffective assistance of trial and appellate counsel claims, Steele contends that this Court should not "honor the procedural default alleged" (Doc. 15, at 5) because, contrary to the decision of the Alabama Court of Criminal Appeals, his claims were supported with facts and pled with sufficient particularity to satisfy the minimum pleading requirements of Rules 32.3 and 32.6(b) (*see id.*). However, the undersigned need disagree again with petitioner, this time in light of the Eleventh Circuit's decision in *Jenkins v. Bullard*, 210 Fed.Appx. 895 (11th Cir. Dec. 13, 2006). First, Steele's Rule 32 petition, on its face, did not comply with the specificity requirements of Rule 32.3 and 32.6(b). While petitioner did allege that his trial attorney provided ineffective assistance in failing to insist on a competency hearing prior to his change of plea, and set forth a few background facts in this regard,[5] and that his appellate attorney rendered ineffective assistance in failing to challenge trial counsel's actions on direct appeal (or through a Rule 24 motion for new trial), these claims amount to no more than bare allegations "'that a constitutional right has been violated and mere conclusions of law.'" *Jenkins, supra,* 210 Fed.Appx. at 900, quoting Ala.R.Crim.P. 32.6(b).

---

[5]     Such facts included petitioner's entry of a plea of not guilty and not guilty by reason of mental disease or defect, a motion by trial counsel for a competency evaluation, and the like. (*See* Doc. 11, Exhibit 10, Rule 32 Petition.)

These are the kinds of nonspecific allegations that Alabama procedural rules prohibit because, for instance, they do not disclose the nature of petitioner's mental health at the time of the offense or trial, his mental health history, the contents of the mental evaluation, and why the specific facts of the case required trial and appellate counsel to do more than they did regarding this issue.[6] In addition, the Alabama Court of Criminal Appeals clearly and expressly stated that its judgment affirming the denial of Steele's Rule 32 petition rested on his failure to comply with Rules 32.3 and 32.6(b). (*See* Doc. 11, Exhibit 12, at 2 ("[H]e did not satisfy his burden of pleading pursuant to Rules 32.3 and 32.6(b), Ala.R.Crim.P., and <u>Strickland</u> with regard to Claim 1.").) Finally, "Rules 32.3 and 32.6(b) have been firmly established and regularly followed by the Alabama courts." *Jenkins, supra*, 210 Fed.Appx. at 900. Accordingly, in light of petitioner's clear procedural defaults, this Court need address Steele's cause and prejudice arguments as well as his argument that application of the foregoing procedural bars would work a fundamental miscarriage of justice.

The undersigned finds that Steele has not demonstrated cause for his procedural

---

[6]     In fact, it should be noted that the trial judge's recollection of proceedings in this case is diametrically opposed to that of petitioner, the trial court specifically finding in its June 4, 2010 order denying Steele collateral relief that an open assessment of petitioner's understanding of his right to plead not guilty by reason of mental disease or defect was made prior to trial and, further, the petitioner was "professionally assessed prior to trial and nothing from the mental evaluation report gives this court reservation that the Petitioner did not fully appreciate the wrong of his conduct nor is there anything that the Petitioner has shown this court in regards that the Petitioner in any way was unable to assist trial counsel in preparing and/or assisting in trial." (Doc. 11, Exhibit 10, ORDER, at 2.)

defaults. Petitioner simply argues that this Court "should not honor the procedural defaults alleged" (*see* Doc. 15, at 4-6) by the State for the reasons previously discussed and rejected by the undersigned. Steele, however, did not include either in his § 2254 petition (Doc. 1), or in his response to the undersigned's procedural default order (*see* Doc. 15), any objective factors that would indicate that he was impeded from complying with Rules 32.2(a), 32.3, and 32.6(b) of the Alabama Rules of Criminal Procedure, and, therefore, he has not established cause for his procedural defaults. *See, e.g., Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003) ("'To establish "cause" for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court.'"), *cert.denied,* 543 U.S. 811, 125 S.Ct. 14, 160 L.Ed.2d 14 (2004).

The undersigned also finds that the fundamental miscarriage of justice/actual innocence exception does not apply in this case because petitioner has not satisfied the *Murray v. Carrier* standard. *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). That standard requires Steele to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." 477 U.S. at 496, 106 S.Ct. at 2649-2650. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct.

851, 865, 130 L.Ed.2d 808 (1995); *see also id*. at 327, 115 S.Ct. at 867 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence."). Steele has not come forward with any evidence which establishes his actual innocence and thereby undermines his capital murder conviction. In fact, petitioner's simply makes the conclusory argument that but for constitutional errors regarding the issue of his competency, "no reasonable jury would have found [him] guilty of the crime[] upon which his custody is based." (Doc. 15, at 7.) This is not an actual innocence argument and need be rejected given the contrary evidence of record. Notably, the trial court recognized in its June 4, 2010 order denying collateral relief that it had made an open court assessment regarding petitioner's understanding of his right to plead not guilty by reason of mental disease or defect and, further, that a mental evaluation was conducted and same did not reveal anything indicating that Steele did not appreciate the wrongfulness of his conduct or otherwise that Steele was unable to assist in the preparation of his defense. Accordingly, this is not one of those rare cases in which the actual innocence exception is applicable.

## C.   Merits Discussion of Petitioner's Ineffective Assistance of Trial and Appellate Counsel Claims.

Even if this Court considers the merits of Steele's ineffective assistance of trial and appellate counsel claims, his petition avails itself of no better fate. Petitioner's case

is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA). *Williams v. Taylor*, 529 U.S. 362, 402, 120 S.Ct. 1495, 1518, 146 L.Ed.2d 389 (2000); *Bottoson v. Moore*, 234 F.3d 526, 530 (11th Cir. 2000), *cert. denied*, 534 U.S. 956, 122 S.Ct. 357, 151 L.Ed.2d 270 (2001). As amended, § 2254 now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2) (footnote added). Moreover, the Act, as amended, presumes as correct all determinations of factual issues made by a State court and places the burden upon the petitioner of rebutting such a presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).

In *Williams v. Taylor, supra*, the Supreme Court held that § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two

conditions is satisfied— the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 412-413, 120 S.Ct. at 1523; *see Bottoson, supra*, 234 F.3d at 531 ("In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'").

In this case, it is clear that the Circuit Court of Choctaw County, Alabama reached the merits of petitioner's ineffective assistance of trial and appellate counsel claims that have been presented to this Court. Steele cannot establish his entitlement to relief under § 2254(d)(1) & (d)(2) with respect to any of these ineffective-assistance-of-

counsel claims. In this regard the undersigned notes generally that petitioner has not and cannot show, under the "contrary to" clause, that the Circuit Court of Choctaw County, Alabama arrived at any conclusions opposite to those reached by the Supreme Court of the United States on any question of law or decided the case differently than the Supreme Court did in a previous case presenting a set of materially indistinguishable facts. Moreover, as indicated above, under the "unreasonable application" clause, petitioner has not and cannot establish that the Choctaw County Circuit Court, though recognizing the correct governing principles from the Supreme Court's decisions, unreasonably applied those principles to the facts in this case.

Steele's ineffective assistance of trial and appellate counsel claims were discussed and rejected by the Circuit Court of Choctaw County, Alabama in its decision on collateral review (*see* Doc. 11, Exhibit 10, ORDER). The Alabama trial court specifically cited to *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and, therefore, was well aware of the guiding principles set down by the Supreme Court in that case in reaching its decision on petitioner's ineffective assistance of trial and appellate counsel claims.[7] Petitioner cannot and has not shown that the Choctaw

---

[7]    The trial court determined petitioner's ineffective assistance of trial and appellate counsel claims had no merit because it had made an open court assessment regarding petitioner's understanding of his right to plead not guilty by reason of mental disease or defect and, further, that a mental evaluation was conducted and same did not reveal anything indicating that Steele did not appreciate the wrongfulness of his conduct or otherwise that Steele was unable to assist in the preparation of his defense.

County Circuit Court unreasonably applied any relevant precedent with respect to his claims of ineffective assistance of counsel nor is it debatable among reasonable jurists that the result of which petitioner claims is incorrect. Stated differently, it is not debatable among reasonable jurists that the trial court's rejection of petitioner's ineffective assistance of trial and appellate counsel claims is inherently incorrect.

### D.     Certificate of Appealability.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied, in large measure, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[,]" *Slack v. McDaniel*, 529 U.S. 473, 484,

120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000), and, alternatively, on the merits of one underlying constitutional claim, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *id.*; *see also id.* at 483-484, 120 S.Ct. at 1603-1604 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Because reliance upon Rules 32.2(a), 32.3, and 32.6(b), that is Alabama's procedural default rules, by Alabama courts is firmly established, *compare Borden, supra, with Jenkins, supra*, and Steele has not established either cause (or prejudice) for the procedural default of his claims raised in this Court, the undersigned finds that a reasonable jurist could not conclude that this Court is in error for failing to reach the merits of petitioner's claims, *see, e.g., Coleman v. Thompson, supra,* nor could a reasonable jurist conclude that petitioner should be allowed to proceed further with

respect to his claims. *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Alternatively, with respect to petitioner's ineffective assistance of trial and appellate counsel claims, the undersigned recommends that the Court find that reasonable jurists could not debate whether Steele's § 2254 habeas petition should be resolved in a different manner or that any of the remaining issues presented are adequate to deserve encouragement to proceed further. Accordingly, petitioner is not entitled to a certificate of appealability.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge finds that this Court is procedurally barred from reaching the merits of petitioner's claims raised in the instant habeas corpus petition and,

alternatively, with respect to his ineffective-assistance-of-counsel claims, that petitioner's rights were not violated in this cause such that his request for habeas corpus relief should be denied. Steele is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 24th day of August, 2011.

<u> s/WILLIAM E. CASSADY</u>
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[8] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[8]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).